[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Cynthia Singer commenced this action by complaint dated May 14, 1990 claiming a legal separation, alimony, counsel fees, transfer of interest in certain real estate, transfer of title of motor vehicle and such other relief as the court may deem proper. Under date of December 17, 1991 the Defendant filed a cross complaint seeking a dissolution of marriage, alimony, joint legal custody of minor child and such other equitable relief as may be appropriate. CT Page 2246
The Defendant had earlier filed an answer to the complaint under date of May 31, 1990.
The Plaintiff under date of December 18, 1991 filed an amended complaint claiming in addition to the relief asked for in the original complaint custody of minor child and support.
The trial was held on February 27th, and 28th, 1992 at which time both parties were present and represented by counsel.
On appearing on February 27th the Plaintiff by counsel indicated that the Plaintiff would not proceed on the complaint or amended complaint and withdrew the same.
The Defendant proceeded on the cross complaint.
An examination of the file reflects that there had been no pendente lite motions acted on or granted from the date of the complaint which was returnable May 29, 1990 to date of trial.
The court finds the following facts as proven:
1. The Plaintiff, Cynthia Singer, whose maiden name was Cynthia Richard and the Defendant Eugene Singer intermarried on July 24, 1987 in Middletown, Connecticut.
2. The Plaintiff and the Defendant have each resided continuously within the State of Connecticut for at least one year next preceding the date of the filing of the complaint.
3. The Plaintiff and Defendant have one minor child issue of their marriage to wit: Emily Rae Singer born March 25, 1991.
4. The marriage between the parties has broken down irretrievably without reasonable prospect for reconciliation.
5. The Plaintiff and Defendant have been separated since September, 1991.
6. The Plaintiff and Defendant sought counseling to try and solve their differences but were not successful nor was an attempt at reconciliation.
7. The Defendant is a Certified Public Accountant since 1971, self employed with an office at North CT Page 2247 Haven, Connecticut.
8. The Plaintiff and Defendant went on a honeymoon to Jamaica and on the evening of arrival the Plaintiff wife became intoxicated and her engagement and wedding rings were lost, misplaced or stolen.
9. The present union is the second marriage for both.
The Plaintiff had two children issue of her prior marriage and the Defendant had four children by his prior union.
10. The Defendant pays $295.00 weekly child support for children of his first marriage.
11. At the time of the marriage the Plaintiff wife was employed as a waitress and received assistance from the State.
12. Mistrust, dissent and arguments developed between the Plaintiff and Defendant over finances.
13. Prior to the date of the marriage the Defendant purchased a motor vehicle for the Plaintiff. A Chevrolet Camaro.
14. In January, 1988 the Defendant purchased a lot and residence thereon for $200,000.00. The address of the property was 66 Haddam Neck Road, East Hampton.
The defendant borrowed $20,000.00 for the down payment on the residence.
The balance of the price was secured by a mortgage to First New York Mortgage. Title to the premises was taken in the name of the Defendant only.
The present outstanding balance on said mortgage according to the Defendant's affidavit which the court accepts is $186,974.00, plus accruing interest.
15. The only physical asset brought into the union at the time of marriage by the Plaintiff wife were furnishings from her former apartment in Meriden.
16. The Plaintiff claimed the Defendant had engaged in extramarital affairs but offered no credible evidence to sustain this claim and the court finds this CT Page 2248 claim not proved or established.
17. Problems and frictions arose with regard to the children of the Plaintiff and Defendant by their earlier unions.
18. The Defendant husband provided clothing, maintenance and support for the Plaintiff's two children issue of her prior union although not legally required to do so.
19. Plaintiff testified and the court finds that her prior husband paid nothing for the support of her two boys issues of that marriage during the duration of this union.
20. The Plaintiff started a business with funds provided by the Defendant in the nature of a Consignment Shop. Plaintiff's partner in this endeavour is Cheryl Munson.
21. The Plaintiff provided no statements or tax returns concerning said business and refused to account for any proceeds therefrom.
22. The Plaintiff wife during the marriage refused to sign or join in any joint income tax returns with the Defendant. As a result thereof the Defendant lost the benefits attendant to a joint return.
23. The Plaintiff refused to provide the Defendant with any financial figures as to her business.
24. The Defendant provided the Plaintiff with charge cards which she used.
25. Shortly before the child Emily Rae Singer was born it was determined that the Plaintiff had acquired a medical condition.
No medical evidence was presented to the court which would enable the court to make any finding as to the cause thereof and neither party has sustained their respective burden incident thereto.
26. The Plaintiff is age 31, the Defendant is age 48.
27. Without any court order the Defendant has been giving the Plaintiff $300.00 weekly for household CT Page 2249 needs.
28. Plaintiff's education extended through High School. (Woodrow Wilson).
Plaintiff is skilled in sales.
The Plaintiff is in good health.
29. The Defendant's gross weekly earnings are $1,259.36. The net after mandated deductions is $820.95.
30. The Defendant is presently and since the separation living in his office in North Haven.
31. The Defendant's 1990 adjusted gross income according to his return was $62,287.00.
The Defendant's 1991 adjusted gross income according to his return (yet to be filed) was $60,612.00.
The Plaintiff provided no tax returns for herself.
32. The court finds that the fault for the breakdown of the marriage should not be attributed to a greater extent to either the Plaintiff or the Defendant.
33. The court was not provided with any appraisals nor certificate of title as to the real estate.
After reviewing all the facts found, the evidence presented and the statutory criteria set forth in Conn. General Statutes Sec. 46b-81(a)(b)(c) and 46b-82 the court enters the following orders.
1. Decree of Dissolution
A decree of dissolution may enter on the ground of irretrievable breakdown.
2. Custody and Visitation
Joint legal custody of minor child Emily Rae Singer is awarded with primary physical residence to be with the mother subject to the Defendant father's right of reasonable visitation which shall minimally include four hours on either Saturday or Sunday during the day time off the premises of the Plaintiff, mindful of the child's tender age and three hours during the week at a mutually agreeable time. CT Page 2250
When the Defendant secures an appropriate residence he may ask for modification.
The parties shall alternate legal holidays beginning with Easter to the Plaintiff.
3. Support
The Defendant shall pay to the Plaintiff as child support an amount equal to the child support guidelines which the court determines to be $118.00 per week.
Defendant shall provide medical insurance for the benefit of the minor child. CMS Blue Cross or equivalent.
The Plaintiff and the Defendant shall each pay one half of any uncovered reasonable medical, dental, optical, orthodontic and or psychological or psychiatric expenses incurred by the minor.
4. Dependency exemption
Provided the Defendant is paying child support, he shall be entitled to claim the minor child as a dependent for purposes of State and Federal income tax.
5. Real estate
The premises known as 66 Haddam Neck Road, East Hampton, Connecticut shall be immediately listed for sale for a sum not less than $225,000.00 or such other amount as the parties may agree upon and the net proceeds therefrom after payment of reasonable closing costs, mortgages, real estate taxes, real estate commission and matter of like nature shall be equally divided between the Plaintiff and the Defendant.
The Plaintiff wife shall have exclusive use and possession of the premises known as 66 Haddam Neck Road until such time as the premises are sold.
Until such time as the premises are sold the Defendant shall pay the mortgage, real estate taxes and insurance.
The Plaintiff shall maintain the premises until date of sale in a neat and orderly condition and the Plaintiff shall be responsible for all utilities including, electricity, water and heating fuels. CT Page 2251
The Defendant on giving reasonable notice shall have the right to inspect the premises to determine its physical condition until date of sale.
Listing real estate agents on giving notice shall have the right to visit the premises with prospective purchasers.
The Plaintiff shall cause the lis pendens recorded on the land records to be released.
6. Motor vehicles
The Defendant will transfer and set over all of his right, title and interest in a 1991 Mazda Van to the Plaintiff and the Defendant will be responsible to pay off and discharge the loan on said vehicle which is to the approximate amount of $20,550.00 and to indemnify and hold the Plaintiff harmless therefrom.
The Defendant may retain the 1985 Nissan coupe presently in his possession.
7. Debts
The Defendant shall pay and be responsible for the following debts.
 A. New Britain General Hospital approx. balance $2,600.00
 B. Richard Dreiss, M.D. approx. balance $ 200.00
 C. Middlesex Memorial Hos. approx. balance $ 978.00
8. Personal Property
All furnishings and personal property located in the premises known as 66 Haddam Neck Road shall belong to the Plaintiff wife.
9. Business Loan
The Plaintiff may retain and shall not be obligated to repay to the Defendant funds advanced by the Defendant to the Plaintiff to start her Consignment business. CT Page 2252
10. I.R.A. — Business fixtures and accounts receivable.
The Defendant shall retain his I.R.A. account, business fixtures and accounts receivable as shown on his financial affidavit.
11. Attorneys fees
The Defendant shall pay to Plaintiff's counsel toward for attorneys fee the sum of $500.00 within 60 days hereof.
12. Life Insurance
Neither the Plaintiff nor the Defendant reflect any life insurance policies outstanding on their respective affidavits and the court enters no order incident thereto.
13. Alimony
The Defendant shall pay the Plaintiff the sum of $50.00 per week as periodic alimony for a period of one year.
Said alimony shall be non modifiable as to term and amount and shall terminate as indicated above, to wit the orderly expiration of one year from the date hereof, her earlier death, remarriage or cohabitation with a nonrelated adult male.
14. Miscellaneous
Each party shall be responsible for the payment of any liabilities shown on their respective financial affidavits except as noted above.
It is so ordered.
AUSTIN, JUDGE
Judgment may enter in accordance with the foregoing Memorandum of Decision. Michael Kokoszka, Clerk